Filed 5/2/14  P. v. Kinney CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN DEVON KINNEY,<br><br>    Defendant and Appellant. | B250044<br><br>(Los Angeles County<br>Super. Ct. No. KA060789) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jack P. Hunt, Judge.  Affirmed.

Law Office of Jerome J. Haig, Jerome J. Haig, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Juan Devon Kinney pled guilty to one count of possession of a controlled substance (cocaine) in violation of Health and Safety Code section 11350, subdivision (a) and one count of possession of a smoking device in violation of Health and Safety section 11364, pursuant to a negotiated plea agreement. On February 25, 2003, appellant was granted a deferred entry of judgment pursuant to Penal Code section 1001.2 in lieu of formal probation.

On August 25, 2003, the probation department informed the court that appellant had been expelled from his drug treatment program and had been arrested for battery, and so was not in compliance with the terms of his deferred entry. The court terminated appellant's grant of deferred entry, reinstated criminal proceedings and issued a warrant for appellant's arrest.

About ten years later, on April 30, 2013, appellant appeared on the bench warrant. On May 22, 2013, appellant admitted his violation. A sentencing hearing followed. Counsel for appellant told the court she believed appellant had "extra credits on the ten-year sentence imposed in another case in San Bernardino. The trial court pointed out that the custody was not related to this case. Appellant had previously told counsel that he wanted to be sentenced immediately, without pursuing the time credit issues. Appellant was sentenced to the mid-term of two years in state prison. Thereafter, appellant was transferred in custody to Ohio for outstanding warrants.

Facts

Appellant was arrested on February 22, 2003 by officers of the Pomona Police Department for being in possession of rock cocaine. Appellant pled guilty before a preliminary hearing was held in this matter. More than ten years passed between the initial grant of deferred judgment and appellant's appearance in court on the 2003 warrant. The record in this case was not available to the trial court at the time of sentencing. The Los Angeles County Probation Department attempted, without success, to obtain the crime reports. Thus, no details of appellant's offenses are available.

2

Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal.  Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On December 28, 2013, we sent a notice to appellant's last known address in Ohio, advising him he had 30 days in which to personally submit any contentions or issues which he wished us to consider.  This notice was returned as undeliverable.  No response has been received from appellant to date.

We have examined the entire record and are satisfied appellant's attorney has fully complied with his responsibilities and no arguable issues exist.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

Disposition

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MINK, J.[*]


We concur:



TURNER, P. J.                                                    KRIEGLER, J.

---

[*]     Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.